**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MARCUS DOWNIE,** | § | |
|    Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-04-685 |
| | § | |
| **DOUG DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE–INSTITUTIONAL DIVISION,** | § | |
|    Respondent | § | |

### MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Estelle Unit in Huntsville, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on December 13, 2004 (D.E. 1, p. 9). Petitioner claims that the jury at his trial was selected and impaneled in an unconstitutional manner, that he received ineffective assistance of counsel and that there was insufficient evidence to support the conviction. Respondent filed a motion for summary judgment on June 7, 2005 (D.E. 15) to which petitioner did not respond.

### BACKGROUND

On December 9, 1999, following a plea of not guilty, petitioner was convicted of delivery of cocaine in the 319th District Court of Nueces County, Texas and sentenced to 10 years incarceration in TDCJ-ID (Ex Parte Downie, App. No. 45,167-02 at Clerk's Summary Sheet)[1]. On March 6, 2000 petitioner filed an application for writ of habeas corpus in state court arguing that his attorney was ineffective for failing to timely file a notice of appeal (Ex Parte Downie,

---

[1] The state court records are located at D.E. 16 and 17.

App. No. 45,167-01 at 2-4). The Texas Court of Criminal Appeals granted petitioner an out-of-time appeal on May 3, 2000 and the mandate issued on May 30, 2000 (Ex Parte Downie App. No. 45-167-01, "Opinion;" and "Mandate").

On June 7, 2000 petitioner filed a motion for new trial which was denied and on July 26, 2000 he filed a second notice of appeal (Ex Parte Downie, App. No. 45-167-02 at 51). The trial court judgment was affirmed on November 29, 2001 (Downie v. State, No. 13-00-488-CR, (Tex.App.– Corpus Christi, Nov. 29, 2001, pet. ref'd)(not designated for publication). Petitioner filed a petition for discretionary review on January 14, 2002 which was refused by the Texas Court of Criminal Appeals on March 6, 2002 (Downie v. State, PDR No. 234-02).

On October 29, 2003 petitioner filed his second application for habeas corpus relief in state court (Ex Parte Downie, App. No. 45,167-02 at 2-33). The application was denied without written order on April 21, 2004 (Id. at cover). Petitioner filed this application for habeas corpus relief in federal court on December 13, 2004.

Respondent argues that petitioner's cause of action should be dismissed because it is time-barred. Petitioner did not respond to the motion for summary judgment.

## APPLICABLE LAW

**A. Statute of Limitations**

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

2

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus on December 13, 2004 and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner was convicted on December 9, 1999 and his judgment became final 30 days thereafter, or on January 8, 2000, when the time for seeking direct review expired.  28 U.S.C. § 2244 (d)(1); TEX. R. APP. P. 26.2(a).  The one-year statute of limitations began running at that time and was due to expire on January 7, 2001.  However, the limitations period was tolled from the time petitioner filed his first state court habeas petition on March 6, 2000 and thereafter throughout the granting of his request to file an out-of-time appeal, the pendency of the direct appeal and the denial of his petition for discretionary review, which occurred on March 6, 2002.  See Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir. 2004)(holding that when petitioner acquires the right to file an out-of-time petition for discretionary review, the relief tolls the AEDPA statute of

limitations until the date on which the Court of Criminal Appeals declines to grant further relief).

Fifty-six days passed from the commencement of the limitations period (January 8, 2000) to the commencement of the tolling period (March 6, 2000). The remainder of the one-year limitations period then began on March 6, 2002 and petitioner had 309 days (365 days minus 56 days) from that date in which to file his federal petition, which would have made his filing deadline January 9, 2003. Petitioner did not file his federal writ petition until December 13, 2004, almost two years too late.

Although petitioner filed a second state writ application, which also presumably would have tolled the statute of limitations, he did not so until October 29, 2003 (Ex Parte Downie, App. No. 45,167-02 at 2). Because the statute of limitations had already passed, the second state writ application did not serve to toll it.

In addition, petitioner has not shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). The court can allow an untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner has not shown that he is entitled to equitable tolling and his application for habeas corpus relief should be dismissed.

**B. Certificate of Appealability**

The Supreme Court has stated that the showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right. Hernandez v. Johnson, 231 F.3d 243, 248 (5th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. See Clark v. Johnson, 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack, 529 U.S. at 484. A determination of the merits of a claim should not be part of the decision to issue a COA. Rather, it is the debatability of the underlying constitutional claim, rather than its resolution, that controls whether a COA should issue. Miller-El v. Cockrell, 537 U.S. 332, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is recommended that the COA be denied because he has not made the necessary showing for issuance. Reasonable jurists would not debate the well-settled principles of law which preclude relief for petitioner.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment (D.E. 15) be granted and petitioner's cause of action for habeas corpus relief

be dismissed as time-barred. It is further recommended that if petitioner seeks a COA, it be denied.

Respectfully submitted this 21st day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).